[No. 10927–1–II.   Division Two.   November 29, 1988.]

*In the Matter of the Estate of*
HARRY BOWECHOP.

LEONARD BOWECHOP, *as Executor, Appellant,* v. SIDNEY
BOWECHOP, ET AL, *Respondents.*

*Marc Slonim* and *Ziontz, Chestnut, Varnell, Berley &
Slonim,* for appellant.

*Susan J. Owens,* for respondent Sidney Bowechop.

*Dirk Gleysteen* and *Armstrong & Gleysteen,* for respondent Charles Bowechop.

WORSWICK, J.—Leonard Bowechop, Harry Bowechop's son and executor of his estate, appeals a decree admitting a handwritten document to probate as a will, supplanting a previously admitted will. All parties to the litigation had assumed that the document was a codicil. We reverse.

In 1977, Harry Bowechop executed a formal, detailed will prepared by his lawyer. He died in 1985 at age 92. Less than a month before his death, Mr. Bowechop, while hospitalized for a heart condition, dictated the document in question to his daughter–in–law, then signed it in the presence of two nurses who signed as witnesses. The document purported to alter the distribution of Mr. Bowechop's unrestricted assets.[1] If effective, it would give a larger share of these assets to Charles and Sidney Bowechop, Harry's other sons, and diminish Leonard's share.[2]

Leonard's petition for the probate of the 1977 will mentioned the document, referring to it as a codicil, but did not offer it for probate. Sidney Bowechop later filed a petition for probate of the document; his petition referred to it as a codicil.

Leonard's first line of attack in the adversary proceedings that ensued was to challenge the validity of the "codicil." The court agreed with Leonard's argument, holding the document invalid as a codicil for failure to satisfy the statutory requirement of internal reference to an earlier will. RCW 11.02.005(9). The court then, sua sponte, entertained proceedings leading to admission of the document as Mr. Bowechop's last will. Nothing in the record suggests that

---

[1]Mr. Bowechop was a Makah Indian. Much of the property dealt with in the 1977 will was Indian trust property, not subject to probate in a state court, but subject to Bureau of Indian Affairs probate proceedings. *See* 25 U.S.C. § 373. The document in question did not purport to affect any Indian trust property.

[2]Sidney's wife acted as scrivener of the handwritten document.

the court concerned itself with whether Mr. Bowechop thought he was signing a will or a codicil.

The real issue in this case has been obscured by several satellite questions (*e.g.,* the circumstances of the preparation and signing of the document, Mr. Bowechop's testamentary capacity at the time, and whether undue influence was involved). Nevertheless, Leonard has maintained throughout that if an instrument regarded as a codicil cannot be admitted as such, it should not then be admitted as a will unless the testator intended it to be. We agree.

The litigation that developed here had all of the attributes of a will contest, with the proponents of the 1985 document essentially attacking the 1977 will by attempting to supplant it. *See In re Estate of Campbell,* 47 Wn.2d 610, 613, 288 P.2d 852 (1955). This being so, the 1977 will was prima facie valid, and proponents of the 1985 document had the burden of proving otherwise. RCW 11.24.030. *Cf. In re Estate of Ganjian,* 55 Wn.2d 360, 347 P.2d 891 (1959); *In re Estate of Jolly,* 3 Wn.2d 615, 622, 101 P.2d 995, 128 A.L.R. 993 (1940).

■■ Under the facts of this case, the main question before the court was whether the decedent intended the instrument to be a codicil or a will. *In re Estate of Whittier,* 26 Wn.2d 833, 847, 176 P.2d 281 (1947). A necessary, but subordinate, question was whether the instrument met the formalities of a will, because all codicils must comply with the formalities of a will. RCW 11.02.005(9); *In re Estate of Whittier,* 26 Wn.2d at 847. The trial court found only that "[t]he document meets all the requirements for a Will and should be considered as such." This finding did not answer the critical question.

Along with the customary burden of proving that the 1985 document met formal requirements, the proponents of the 1985 document also had the burden of proving that Mr. Bowechop intended it to be his last will. They failed to carry that burden.

Absence of a finding on an issue amounts to a finding against the party with the burden of proof. *Silverdale*

*Hotel Assocs. v. Lomas & Nettleton Co.,* 36 Wn. App. 762, 769, 677 P.2d 773, *review denied,* 101 Wn.2d 1021 (1984). There was no affirmative finding on the issue of Mr. Bowechop's intent, and no evidence appears in the record to support a finding that Mr. Bowechop intended the document to be his last will.

The document is titled "Codicil to Last Will and Testament of Harry Bowechop." Although testimony was introduced that this title was written by the daughter–in–law who acted as Mr. Bowechop's scrivener, the witness who so testified was not able to say whether the title was there when Mr. Bowechop signed.[3] Little of what Mr. Bowechop said was allowed into evidence, but the evidence does show that he firmly rejected the daughter–in–law's suggestion that the document be titled "Will." The nurse–witnesses testified that they were asked to witness an "addendum" to Mr. Bowechop's will. Beyond this, the record is silent. The document should not have been admitted to probate.

Reversed.

REED, C.J., and PETRICH, J., concur.

---

[3]The following statement appears in Charles Bowechop's brief: "It is accepted for purposes of this appeal that the words 'codicil to the last will and testament of Harry Bowechop' did not appear in the 1985 will at the time it was signed." We find nothing in the record to support this statement.